IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MICHAEL LORUSSO,**

    Petitioner,

v.                                            Case No. 1:25cv315-TKW/MAF

**SECRETARY, Florida Department
of Children and Families,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On or about September 30, 2025, Petitioner Michael LoRusso, a state pre-trial detainee at the North Florida Evaluation and Treatment Center in Gainesville, Florida, filed a pro se hand-written petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This § 2241 petition is not on the proper form, nor has Petitioner paid the $5.00 filing fee or filed a motion for leave to proceed in forma pauperis (IFP).

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. This petition should be dismissed as duplicative. *See* Rule 4, R. Gov. § 2254 Cases.

**Background**

Petitioner LoRusso asserts he has been "criminally charged" with aggravated stalking by the State of Florida "for exercising a constitutional right as in the First Amendment." ECF No. 1. He explains, "This is all in Curry v. State, 811 So. 2d 736 (2002) which is what Attorney General's Office tries to make a legal case of the Younger doctrine," perhaps referencing one his other pending cases in this Court. *Id*. at 2; *see* LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv105-TKW/MAF; LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv108-MCR/MAF. For "Nature of Relief Sought," he requests "the Court furnish 2241 forms." ECF No. 1 at 2.

**Analysis**

Petitioner's assertions in this case are the same or substantially similar to those has raised in other habeas cases in this Court. Because this case is duplicative, it should be dismissed without prejudice. *See* I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) (explaining "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions" and federal trial courts have broad discretion to dismiss duplicative litigation to avoid wasting judicial resources); Martin v. Sec'y, Dep't of Corr., No. 24-10677, 2024 WL 2853188, at *1 (11th Cir. June 5, 2024) (citing I.A. Durbin and applying it to duplicative habeas appeal); Cordovano v. Warden, Pinellas

County Jail, No. 2:24cv595-SPC/NPM, 2024 WL 3305536, at *1 (M.D. Fla. June 27, 2024) (Opinion and Order of district judge dismissing without prejudice § 2241 petition filed by pretrial detainee, citing I.A. Durbin and explaining: "[T]he petition is duplicative of Cordovano's prior habeas actions. If a detainee disagrees with dismissal of his habeas petition, he should seek a certificate of appealability from the court of appeals. He cannot keep re-filing the petition in the hopes of different judge will give him a different result."); Hall v. Harris, No. 2:23cv301-SPC/NPM, 2024 WL 2853766, at *1 (M.D. Fla. May 1, 2024) (Opinion and Order of district judge dismissing without prejudice duplicative § 2241 petition, citing I.A. Durbin: "The dismissal is without prejudice, but depending on the outcome of Hall's prior habeas case, a future habeas petition might be barred as successive.").

Indeed, as the undersigned has noted in other cases brought by Petitioner LoRusso,[1] he has filed multiple habeas cases in this Court that

---

[1] See, e.g., ECF No. 16 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv105-TKW/MAF; ECF No. 7 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 4:25cv221-TKW/MAF; ECF No. 9 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv147-MCR/MAF; ECF No. 9 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv148-MW/MAF; ECF No. 7 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv163-AW/MAF; ECF No. 7 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, 1:25cv170-TKW/MAF; ECF No. 9 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, 1:25cv197-TKW/MAF; ECF No. 10 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, 1:25cv198-AW/MAF; ECF No. 3 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, 1:25cv266-MCR/MAF; ECF No. 3 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, 1:25cv292-MW/MAF; ECF No. 3 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, 1:25cv295-TKW/MAF.

appear to arise out of the same pending state court proceeding. If so, upon review by the Court, these other cases should all have the same Respondent and are subject to dismissal as duplicative.[2] **Petitioner is advised that if he wishes to amend an existing § 2241 petition, he should seek to do so in an existing case and indicate that case number on his filing, rather than indicating the case number as "pending." He should also know that any such amendment to an existing petition will likely delay resolution of that case.**

## Conclusion

This duplicative habeas case should be dismissed without prejudice.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus (ECF No. 1) be **DISMISSED without prejudice as duplicative**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 8, 2025.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's CM/ECF system reveals at least 60 habeas cases brought by Petitioner LoRusso, many of which have already been dismissed as duplicative and/or frivolous. *See, e.g.*, LoRusso v. Gualtieai, 1:25cv109-TKW/HTC; LoRusso v. Gualtieri, 1:25cv110-AW/HTC; LoRusso v. State Atty's Office, 1:25cv111-MW/ZCB; LoRusso v. State of Fla., 1:25cv159-TKW/HTC; LoRusso v. State of Fla., 1:25cv160-AW/ZCB; LoRusso v. Matthey, 4:25cv220-MCR/HTC.

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.